IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN CLYDE THOMPSON, | ) | Civil No. 2:08-0246 SOM-LEK |
|  | ) | (PC) |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| TOMMY FELKER, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
| _____ | ) |  |

**FINDINGS AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court, pursuant to a designation by Chief United States District Judge Susan Oki Mollway, is Defendant Tommy Felker's ("Defendant") Motion for Summary Judgment ("Motion"), filed on February 1, 2008. Plaintiff John Clyde Thompson ("Plaintiff") did not respond to the Motion. After careful consideration of the Motion, supporting documents, and the relevant legal authority, this Court HEREBY FINDS AND RECOMMENDS that Defendant's Motion be GRANTED for the reasons set forth below.

**BACKGROUND**

On February 1, 2008, Plaintiff, a Muslim prisoner who was then housed at High Desert State Prison ("HDSP") in California, filed the instant action pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint alleges that Defendant violated Plaintiff's rights under the Religious Land Use and

Institutionalized Persons Act ("RLUIPA") because Defendant denied him and other Muslim inmates the opportunity to participate in Ta'leem, a religious Muslim service, from February 2005 through mid-to-late 2008.  [Def.'s Statement of Undisputed Facts in Supp. of Motion, filed 02/01/08 (dkt. no. 24-2) ("DUF"), at ¶ 3.]  He alleges that Defendant violated his religious rights by forcing him to hold Jumu'ah, another Muslim religious service, in the dining hall instead of in the prison chapel.  [Id. at ¶ 4.]

Plaintiff seeks injunctive relief.  He desires either the opportunity to participate in Ta'leem and Jumu'ah, in the chapel; or to be transferred to another prison facility that permits Muslim inmates access to these services.  [Id. at ¶ 5.]

Plaintiff was housed at HDSP from the late 1990's until November 25, 2009, when he was transferred to Corcoran State Prison.  [Id. at ¶ 1.]  While an inmate at HDSP, Plaintiff was initially able to participate in two weekly Muslim religious services – Ta'leem and Jumu'ah – and was able to practice other personal religious lifestyle choices.  [Id. at ¶ 2.]  Beginning in February 2005 however, the religious service of Ta'leem was cancelled.  [Id. at ¶ 6.]

Prior to the cancellation of Ta'leem, HDSP allowed inmates to hold religious services unsupervised.  [Id. at ¶ 7.] A safety breach in 2005 prompted a new prison policy requiring all religious services to be supervised by correctional staff. [Id. at ¶ 8.]  Inmate religious services that did not have a

2

designated Chaplin or staff supervisor were held in the dining hall and led by inmate ministers. [Motion, Declaration of T. Felker in Supp. of Motion ("Felker Decl.") at ¶ 5.] Defendant contends this provided sufficient security and supervision, while still allowing inmates the opportunity to participate in religious services. [Id.] Plaintiff claims this location was a substantial disruption to the Ju'mah service. [12/29/09 Deposition of John Clyde Thompson ("Thompson Depo.") at 57-59.]

In mid-2008, HDSP hired a Muslim Chaplin, allowing Muslim religious services to be held in the chapel when the Chaplin was able to preside over the services. [Felker Decl. at ¶ 6.] This allowed Plaintiff to attend the Muslim religious services in the HDSP prison chapel when the Chaplin was present and in the dining hall when the Chaplin was not present. [DUF at ¶ 11.]

Additionally, on November 25, 2009, Plaintiff was transferred from HDSP to Corcoran State Prison where he participates in both Ta'leem and Jumu'ah in the prison chapel. [Id. at ¶ 12.] Plaintiff was transferred at his request. [Thompson Depo. at 55.] Currently, there is no documentary evidence in Plaintiff's file indicating further transfer to another facility. [DUF at ¶ 13.]

Defendant argues that he is entitled to summary judgment because Plaintiff has received all the relief sought in the complaint, making his claims moot. [Mem. of Points and

3

Authorities in Supp. of Motion at 2.]  Plaintiff did not respond to the Motion.

## **STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  The moving party bears the initial burden of establishing that there is no genuine issue of material fact.  See MetroPCS, Inc. v. City & County of San Francisco, 400 F.3d 715, 720 (9th Cir. 2005).  There is no genuine issue of material fact if, based on the record as a whole, a rational trier of fact could not find for the non-moving party.  See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant or unnecessary will not be counted."  Id.

If the moving party meets its burden, the non-moving party must then present evidence that there is a genuine issue of material fact for trial.  In considering a motion for summary judgment, a court must resolve all disputed issues of fact in favor of the non-moving party.  See MetroPCS, 400 F.3d at 720.

4

Further, in ruling on motion for summary judgment, the court must "bear in mind the actual quantum and quality of proof necessary to support liability under the governing law." Anderson, 477 U.S. at 254. "[S]ummary judgment is mandated if the non-moving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'" Broussard v. Univ. of Cal. at Berkeley, 192 F.3d 1252, 1258 (9th Cir. 1999) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

## DISCUSSION

Defendant is moving for summary judgment arguing that Plaintiff's claims for injunctive relief are now moot. In Plaintiff's Complaint, he requests either an order compelling HDSP to reinstate the Muslim religious services in the chapel or, alternatively, transfer to an institution that permits chapel access to their Muslim inmate population. [Complaint at 5].

The exercise of judicial power under Article III of the Constitution depends on the existence of a case or controversy. This means that a "federal court has neither the power to render advisory opinions nor to 'decide' questions that cannot affect the rights of litigants in the case before them." N. Carolina v. Rice, 404 U.S. 244, 246 (1971). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." City of Erie v. Pap's A.M.,

520 U.S. 277, 287 (2000) (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)).

Although Plaintiff may have had a viable legal claim under RLUIPA at the time of filing, an "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Roe v. Wade, 410 U.S. 113, 124 (1973). The fact that Plaintiff's religious practices were disturbed in the past does not constitute a live controversy if his practices are no longer disturbed. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974).

There is no dispute that Plaintiff, by his request, was transferred to Corcoran State Prison on November 25, 2009, and that he is now able to participate in both the Ta'leem service and the Jumu'ah service in the prison chapel. When a prisoner seeks injunctive relief relating to a prison's policies, the transfer of the prisoner to another facility makes the request for injunctive relief moot, unless there is evidence that he has a reasonable expectation of being transferred back. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975) (action by state prisoner for injunctive relief and declaration that his transfer from a medium security prison without a hearing was unconstitutional was held to be moot because prisoner was transferred back to medium security prison before the court could rule); see also Johnson v.

6

Moore, 948 F.2d 517, 519 (9th Cir. 1991) (inmate's claims for injunctive relief relating to prison policies were rendered moot by his transfer to another facility absent any reasonable expectation of returning to the first facility).

The threshold question in "determining mootness is whether there is a present controversy as to which effective relief can be granted." Nw. Envtl. Def. Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988). Here, effective relief cannot be granted. Plaintiff's request for injunctive relief, specifically to be transferred to a new prison, has already been granted and his claim is now moot.

In order for Plaintiff to litigate his otherwise moot claim, he must provide a "reasonable showing" of a "sufficient likelihood" that he will be injured again. See Sample v. Johnson, 771 F.2d 1335, 1340 (9th Cir. 1985). Plaintiff, however, has not presented any evidence that he will be transferred to another facility at any time soon.

Furthermore, "a party opposing a properly supported motion for summary judgment must set forth specific facts showing that there is a genuine issue for trial." Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir. 1989). Plaintiff did not respond to the Defendant's Motion.

Viewing the record in the light most favorable to Plaintiff, this Court FINDS that Plaintiff has failed to raise a genuine issue of material fact. Plaintiff has failed to prove

7

that his claim for injunctive relief is still a "live controversy". The Court therefore FINDS that Plaintiff's claim is moot and that Defendant is entitled to summary judgment.

## CONCLUSION

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(1). On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Defendant's Motion for Summary Judgment, filed June 12, 2009, be GRANTED.

Any objections to these Findings and Recommendation must be filed by no later than August 12, 2010 and a copy must be served to all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections must be filed no later than August 26, 2010. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Y1st, 951 F. 2d 1153 (9th Cir. 1991).

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, July 27, 2010.

/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge